# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1749V
### UNPUBLISHED

| | |
|---|---|
| PAMELA CASWELL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: April 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Lynn Christina Schlie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

  On December 3, 2020, Pamela Caswell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of her February 3, 2020 influenza ("flu") vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On March 21, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 26, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded lump sum payment of $100,531.48, representing compensation for actual pain and suffering ($100,000.00), and past unreimbursable expenses ($531.48). Proffer at 1-2. In the Proffer, Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $100,531.48 (representing compensation for actual pain and suffering ($100,000.00), and past unreimbursable expenses ($531.48)) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| PAMELA CASWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1749V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 3, 2020, Pamela Caswell ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on February 3, 2020. Petition at 1. On March 15, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on March 21, 2022. ECF No. 25; ECF No. 27.

**Items of Compensation**

<u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $100,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure for past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $531.48, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

**Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]  a lump sum payment of $100,531.48, representing compensation for actual pain and suffering ($100,000.00), and past unreimbursable expenses ($531.48), in the form of a check payable to petitioner, Pamela Caswell. Petitioner agrees.

**Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Pamela Caswell:        $ 100,531.48

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

3

                                      LARA A. ENGLUND
                                      Assistant Director
                                      Torts Branch, Civil Division

*s/ Lynn C. Schlie*
*by s/ Kimberly S. Davey*
LYNN C. SCHLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-3667
lynn.schlie@usdoj.gov

Dated: April 26, 2022